UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NUFIX, INC., et al.,

        Plaintiffs,

v.                        Case No. 8:10-cv-2315-T-33AEP

MINSURG CORPORATION, INC., et al.,

        Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Nutech Medical, Inc., NuFix, Inc., and Kenneth Horton's Agreed Motion to Consolidate (Doc. # 45) filed on February 9, 2011. Defendant Minsurg does not oppose the consolidation. (Doc. # 45 at 4). Upon review of the Motion and Federal Rule of Civil Procedure 42, which governs the consolidation of related matters, this Court consolidates the above-captioned case with and into <u>Minsurg International, Inc. v. Frontier Devices, Inc., et al.</u>, 8:10-cv-1589-T-33EAJ.

Rule 42(a), Fed. R. Civ. P., states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." <u>Id.</u>

In <u>Hendrix v. Raybestos-Manhattan, Inc.</u>, 776 F.2d 1492, 1494 (11th Cir. 1985), the Eleventh Circuit, commenting on the provisions of Rule 42, Fed. R. Civ. P., noted, "This rule is a codification of the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" <u>Id.</u> at 1495 (citing <u>In re Air Crash Disaster at Fla. Everglades</u>, 549 F.2d 1006, 1012 (5th Cir. 1977)).  The <u>Hendrix</u> court further explained, "We have encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." <u>Hendrix</u>, 776 F.2d at 1495 (internal quotations omitted).

A trial court's decision to consolidate similar cases is purely discretionary.  <u>Id.</u>  However, in determining whether to employ the consolidation provisions of Rule 42(a), Fed. R. Civ. P., the trial court must assess:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Hendrix</u>, 776 F.2d at 1495.

In consideration of the many commonalities between this matter and <u>Minsurg International, Inc. v. Frontier Devices, Inc., et al.</u>, 8:10-cv-1589-T-33EAJ, this Court determines that consolidation of the cases is appropriate. The consolidation of these cases will eliminate the risk of inconsistent adjudications of common factual and legal issues. Further, consolidation will lessen the burden on the parties, witnesses, and available judicial resources. Consolidation will also help eliminate unnecessary repetition and confusion.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

Nutech Medical, Inc., NuFix, Inc., and Kenneth Horton's Agreed Motion to Consolidate (Doc. # 45) is **GRANTED**. The Clerk is directed to **CONSOLIDATE** case 8:10-cv-2315-T-33AEP with and into case 8:10-cv-1589-T-33EAJ.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>10th</u> day of February 2011.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record